UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yoo Suk Lee on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br>v.<br><br>Lifecare Ambulette Inc., John Doe 1 aka Sam, and John Doe 2 aka Alex,<br><br>            Defendants, | Index No. 25-cv-00206<br><br><br>**COMPLAINT** |

Plaintiff, Yoo Suk Lee ("plaintiff"), on behalf of himself and all others similarly situated (collectively "plaintiffs"), by his attorneys, Ryan Kim, complaining of defendants Lifecare Ambulette Inc.(defendant "Lifecare"), John Doe 1 aka Sam, and John Doe 2 aka Alex (collectively, "defendants"), alleges:

## I.     Nature of the Action

1.      Plaintiff Yoo Suk Lee and all other similarly situated current or former employees, bring this collective/class action against Defendants for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq*. ("FLSA"), and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et. seq.*, arising from Defendants' various willful, malicious, and unlawful employment policies, patterns, and practices.

2.      Defendants have willfully, maliciously, and intentionally committed widespread violations of the FLSA and NYLL against Plaintiff Yoo Suk Lee and all other similarly situated employees by (1) failing to pay their applicable minimum wages, overtime compensation, and spread-of-hours pay and (2) failing to comply with notice requirements that the law mandates.

3. Plaintiff Yoo Suk Lee brings this action as a collective action on behalf of himself and similarly situated employees who elect to opt-in to this action pursuant to the FLSA, and specifically the collective action provisions of 29 U.S.C. § 216(b), to remedy Defendants' multiple FLSA violations that have deprived Plaintiff and all other similarly situated employees of their lawfully earned wages.

4. Plaintiff also brings this action as a class action on behalf of himself and all similarly situated employees against Defendants for alleged violations of the NYLL under Rule 23 of the Federal Rules of Civil Procedure.

## II. Jurisdiction and Venue

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this action involves federal questions regarding the deprivation of Plaintiffs' rights under FLSA. The Court has supplemental jurisdiction over Plaintiffs' related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## III. Parties

7. Plaintiff is a resident of the state of New York.

8. Plaintiff worked as an ambulette driver for Defendants during his employment period.

9. Plaintiff was responsible for picking up and dropping off Defendants' patients from the desired location to the desired facilities and vice versa.

10. At all relevant times, Plaintiff and those similarly situated have been ambulette drivers of Defendants who provided pick-up and drop-off services for the patients.

11. Defendant Lifecare is a domestic business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York.

12. Defendant Lifecare is located at 1124 Brunswick Avenue, Far Rockaway, NY 11691.

13. Defendant Lifecare provides non-emergency medical transportation services, facilitating patient mobility to and from healthcare facilities.

14. Defendant Lifecare hired Plaintiff and all other similarly situated drivers as their ambulette drivers.

15. Lifecare had the authority to fire Plaintiff and all other similarly situated drivers.

16. Lifecare had the authority to supervise Plaintiff and all other similarly situated drivers.

17. Lifecare had the authority to demote or promote Plaintiff and all other similarly situated drivers.

18. Lifecare had the authority to discipline Plaintiff and all other similarly situated drivers.

19. Lifecare had the authority to determine rates of pay for Plaintiff and all other similarly situated drivers.

20. Lifecare had the authority to control the terms and conditions of Plaintiff's and all other similarly situated drivers' employment.

21. Defendant John Doe 1 aka Sam ("Sam") is the vice president of Lifecare but an actual owner.

22. Sam resides in the State of New York.

23. Plaintiff and all other similarly situated drivers reported their work to Sam.

24. Sam hired Plaintiff and all other similarly situated drivers.

25. Sam was a supervisor of Plaintiff and all other similarly situated drivers.

26. Sam had the authority to fire Plaintiff and all other similarly situated drivers.

27. Sam had the authority to supervise Plaintiff and all other similarly situated drivers.

28. Sam had the authority to demote or promote Plaintiff and all other similarly situated drivers.

29. Sam had the authority to discipline Plaintiff and all other similarly situated drivers.

30. Sam had the authority to determine rates of pay for Plaintiff and all other similarly situated drivers.

31. Sam had the authority to control the terms and conditions of Plaintiff's and all other similarly situated drivers' employment.

32. Defendant John Doe 2 aka Alex (defendant "Alex") is a manager of Lifecare.

33. Alex resides in the State of New York.

34. Plaintiff and all other similarly situated drivers reported their works to Alex.

35. Alex hired Plaintiff and all other similarly situated drivers.

36. Alex was supervisor of Plaintiff and all other similarly situated drivers.

37. Alex had the authority to fire Plaintiff and all other similarly situated drivers.

38. Alex had the authority to demote or promote Plaintiff and all other similarly situated drivers.

39. Alex had the authority to discipline Plaintiff and all other similarly situated drivers.

40. Alex had the authority to determine Plaintiff's rates of pay for Plaintiff and all other similarly situated drivers.

41. Alex had the authority to control the terms and conditions of Plaintiff's and all other similarly situated drivers' employment.

42. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein the course and scope of their employment with and for the benefits of Defendants.

43. All Defendants are jointly and severally liable for the violations of the FLSA and the NYLL.

### IV. Collective Action Allegation

44. Plaintiff brings Count I and Count II below, alleging FLSA violations, on behalf of himself and all similarly situated non-exempt employees (i.e. ambulette drivers) who work or have worked at Lifecare Ambulette Inc. within three years of the date of the filing of this action and who elect to opt-in to this action (the "FLSA Collective").

45. Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective were not paid minimum wages for all hours they worked and/or premium overtime compensation for all hours they worked beyond 40 hours per workweek.

46. There are likely numerous similarly situated current and former employees of Defendants in the positions of the FLSA Collective who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.

47. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records that they are required to create and maintain under applicable federal and state law. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

5

### V. Class Action Allegation

48. The claims in this Complaint arising out of the NYLL (Count III, IV, V, and VI) are brought by Plaintiff under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and of a class consisting of all similarly situated non-exempt employees (i.e. ambulette drivers) who work or have worked at Lifecare Ambulette Inc. for the past six years (the "Rule 23 Class").

49. The persons in the Rule 23 Class are so numerous that joinder of all members is impracticable. The exact number of the Rule 23 Class members is unknown to Plaintiff at this time but there are believed to be over a hundred such persons. The identity of the Rule 23 Class members is known to Defendants and is contained in the employment records that Defendants are required to create and maintain as a matter of state and federal law.

50. Plaintiff's claims are typical of the claims of the other members of the Rule 23 Class as Plaintiff and all other members of the Rule 23 Class sustained damages arising out of Defendants' multiple conducts in violation of the New York Labor Law complained of herein. The Rule 23 Class members work, or have worked, for Defendants as ambulette drivers and were not paid proper minimum wage, overtime compensation, and spread-of-hours pay by Defendants. They have sustained similar damages due to Defendants' failure to comply with the NYLL and its supporting regulations, including but not limited to: (1) damages resulting from Defendants' failure to pay the proper minimum wage, overtime, and spread-of-hours pay, and (2) informational harm arising from Defendants' failure to provide accurate written wage notices.

51. Plaintiff will fairly and adequately protect the interests of the members of the Rule 23 Class and have retained counsel competent and experienced in complex class action litigation.

52. Plaintiff has no interests that are contrary to or in conflict with those of the other members of the Rule 23 Class.

53. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

54. Common questions of law and fact exist as to all members of the Rule 23 Class and predominate over any questions affecting solely individual members. Among the questions of law and fact common to the Rule 23 class are:

   (a) Whether the NYLL and the supporting regulations were violated by Defendants' act as alleged herein;

   (b) Whether Defendants failed to pay at least minimum wages to Plaintiff and the Rule 23 Class members for times worked up to 40 hours in a workweek;

   (c) Whether Defendants failed to pay overtime pay to Plaintiff and Rule 23 Class members for time worked in excess of 40 hours in a workweek;

   (d) Whether Defendants failed to pay one hour's pay at the minimum hourly wage rate for each day during which employees worked more than 10 (ten) hours;

   (e) Whether Defendants hindered Plaintiff and the Rule 23 Class members from timely recognizing and asserting their legal rights by failing to provide Plaintiff and the Rule 23 Class members with accurate written notice of wages as required by the NYLL and Wage Theft Prevention Act ("WTPA"); and

   (f) Whether Plaintiff and the Rule 23 Class have sustained damages and, if so, the proper measure of such damages.

55. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate relief with respect to the Rule 23 Class as a whole.

56. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since damages suffered by individual Rule 23 Class members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for Plaintiff and Rule 23 Class members to individually seek redress for the wrongful conduct alleged. Individual class members lack the financial resources to conduct a thorough examination of Defendants' compensation practices to prosecute vigorously a lawsuit against Defendants to recover such damages. Class litigation is superior because it will obviate the need for unduly duplicative litigation.

### VI.    Factual Allegations

57. Plaintiff worked as an ambulette driver throughout his time employed by Defendants.

58. Plaintiff worked for Defendants from December 2, 2018, to December 24, 2024.

59. During Plaintiff's employment period, Plaintiff was required to follow the daily instructions given by Defendants through their dispatchers, which included picking up patients from specific locations and transporting them to designated destinations.

60. Consequently, Defendants did not establish a fixed work schedule for Plaintiff, as his schedule depended on the circumstances of each patient on any given day.

61. Rather, Defendants installed video cameras in the drivers' van to monitor whether drivers, including Plaintiff, arrived at the instructed locations on time.

62. Defendants did not provide or maintain a parking facility for the van they operated.

63. As a result, ambulette drivers, including Plaintiff, were instructed to park their vans at their residences.

64. Accordingly, ambulette drivers, including Plaintiff, began their workday by driving from their homes to the first patient's location, as determined by Defendants each day.

65. Plaintiff could not return to Defendants' facilities due to its non-existence at the end of the day and instead had to drive back to his residence after completing the final drop-off.

66. Plaintiff contemporaneously recorded his daily work hours using pen and paper in a notebook.

67. During the Plaintiff's employment period, Plaintiff regularly worked six days per week.

68. Plaintiff's first instructed pick-up time for a workday ranged from 4:00 am to 9:00 am during the Plaintiff's employment period.

69. Depending on the location of the first pick-up, Plaintiff often had to leave his home around 3:00 am to ensure he could arrive at the customer's or patient's doorstep by 4:00 am.

70. Plaintiff's last instructed drop-off time for the day ranged from 6:00 pm to 9:00 pm during the Plaintiff's employment period.

71. Depending on the location of the last drop-off, Plaintiff occasionally returned to his residence with the company van by 10:00 pm when the final drop-off was completed at 9:00 pm.

72. Defendants never paid Plaintiff until when the patients signed into Defendants' system via a "tablet" which was located in Defendant's van. Specifically including but not limited to:

  (a)  If Plaintiff arrived at a patient's house at 6:00 am, but the patient did not come out until 7:00 am, Plaintiff was not compensated for that hour.

  (b)  If the patient failed to show up or if Defendants' dispatcher provided an incorrect address, Plaintiff was still not compensated for his time.

73. Defendants maintained an employment practice of deducting amounts from drivers' wages, including Plaintiff's, for traffic tickets received while performing work duties.

74. Defendants regularly and repeatedly deducted amounts exceeding the actual ticket costs.

75. As a result, there were multiple instances where ambulette drivers, including Plaintiff, received wages below the applicable federal and state minimum wage requirements.

76. Defendants allegedly agreed to pay Plaintiff an hourly wage of $17.00 and $27.00 as a rate for overtime compensation.

77. However, Defendants repeatedly failed to pay the agreed-upon wages, either providing no justification or citing excessive traffic ticket deductions at best.

78. When Plaintiff raised complaints about the unpaid wages, Defendants delayed resolution by claiming they would investigate the issue or by paying only a portion of the unpaid amounts.

79. Defendants did not pay Plaintiff spread-of-hours pay when the length of his workday exceeded ten hours.

80. Defendants did not provide a wage notice whenever his wage rates changed.

**Count I**
**Violation of the Fair Labor Standards Act – Minimum Wages**
**(On behalf of Plaintiff and the FLSA Collective)**

81. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

82. At all times relevant herein, Plaintiff and the FLSA Collective are or have been employees within the meaning of the FLSA.

83. At all times relevant herein, Defendants have been the employer of Plaintiff and members of the FLSA Collective, engaging in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

84. At all times relevant herein, Defendants engaged in over $500,000.00 in annual sales or business.

85. Defendants suffered and permitted Plaintiff and the FLSA Collective to work, and both Plaintiff and the FLSA Collective did, in fact, perform work for Defendants. However, Defendants failed to compensate them at least at the federal minimum wage rate for all time worked.

86. At all times relevant herein, Plaintiff and the FLSA Collective were not exempt from the minimum wage provisions of the FLSA and were entitled to be compensated at least at the federal minimum wage rate.

87. Plaintiff and the FLSA Collective are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiffs filing this lawsuit because Defendants' violation was willful.

**Count II**
**Violation of the Fair Labor Standards Act – Overtime Pay**
**(On behalf of Plaintiff and the FLSA Collective)**

88. Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

89. At all relevant times herein, Plaintiff and the FLSA Collective regularly worked in excess of forty (40) hours per workweek.

90. At all relevant times herein, Defendants knew or should have known that Plaintiff and the FLSA Collective regularly worked in excess of forty (40) hours per workweek.

91. Defendants failed to pay Plaintiff and the FLSA Collective proper overtime compensation for all of the hours worked in excess of forty (40) hours in each workweek as set forth in the FLSA, 29 U.S.C. § 207, *et. seq.*

92. At all relevant times herein, Plaintiff and the FLSA Collective were not exempt from the FLSA's overtime wage provisions and were entitled to compensation at a rate of at least one and one-half times the federal minimum wage for their overtime work.

93. Plaintiff and the FLSA Collective are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiffs filing this lawsuit because Defendants' violation was willful.

**Count III**
**Violation of the New York Labor Law – Minimum Wages**
**(On behalf of Plaintiff and the Rule 23 Class)**

94. Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

95. At all times relevant herein, Plaintiff and the Rule 23 Class are or have been employees within the meaning of the NYLL §§ 190(2) and 651(5).

96. At all times relevant herein, Defendants are or have been employers of Plaintiff and Rule 23 Class members within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations.

97. Defendants failed to pay Plaintiff and the Rule 23 Class the minimum wages to which they were entitled under the NYLL.

98. At all times relevant herein, Plaintiff and the Rule 23 Class members were not exempt from the minimum wage provisions of the NYLL and were entitled to be compensated at least at the applicable state minimum wage rate.

99. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class minimum hourly wages for all relevant times herein.

## Count IV
### Violation of the New York Labor Law – Overtime Compensation
**(On behalf of Plaintiff and the Rule 23 Class)**

100. Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

101. At all relevant times herein, Plaintiff and the Rule 23 Class regularly worked in excess of forty (40) hours per workweek.

102. At all relevant times herein, Defendants knew or should have known that Plaintiff and the Rule 23 Class regularly worked in excess of forty (40) hours per workweek.

103. Defendants failed to pay Plaintiff and the Rule 23 Class members proper overtime compensation for all of the hours worked in excess of forty (40) hours in each workweek as set forth in the NYLL.

104. At all relevant times herein, Plaintiff and the Rule 23 Class were not exempt from the NYLL's overtime wage provisions and were entitled to compensation at a rate of at least one and one-half times the state minimum wage for their overtime work.

105. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class a proper overtime compensation for all relevant times herein.

## Count V
### Violation of the New York Labor Law – Spread-of-Hours Pay
(On behalf of Plaintiff and the Rule 23 Class)

106. Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

107. Defendants willfully failed to pay Plaintiff and the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff worked more than ten hours.

108. By defendants' failure to pay Plaintiff and the Rule 23 Class spread-of-hours pay, defendants willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, and 146-1.6.

109. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class a required spread-of-hours pay for all relevant times herein.

## Count VI
### Violation of the New York Labor Law – Wage Theft Prevention Act
(On behalf of Plaintiff and the Rule 23 Class)

110. Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

111. NYLL §§ 195(1) and (2) require employers to issue wage notices to employees at the time of his hiring or when any changes to the information required to appear on wage notices occur.

112. Defendants failed to issue appropriate wage notices to Plaintiff and the Rule 23 Class members at the required time set forth by the law.

113. Defendants' failure to issue wage notices deprived Plaintiff and the Rule 23 Class members of critical information about their wage rate, hours and allowances, hindering their abilities to detect and challenge unlawful underpayment in a timely manner.

114. Defendants' lack of proper notice contributed directly to wage violations, exacerbating the financial harm Plaintiff and the Rule 23 Class suffered.

115. As a result of Defendants' failure to provide the required wage notices, Plaintiff and the Rule 23 Class are each entitled to $50 per day for every day such wage notice was not provided, up to $5,000 per person, plus interest and attorneys' fees and costs.

116. NYLL § 195(3) requires employers to furnish employees with wage statements, i.e., pay stubs, that include, inter alia, hours worked, and any minimum wage allowances that are applied.

117. Defendants failed to issue appropriate wage statements to Plaintiff and the Rule 23 Class members at the required time set forth by the law.

118. Defendants' failure to issue appropriate wage statements prevented Plaintiff and the Rule 23 Class members from identifying and addressing wage underpayment violations during their employments with Defendants.

119. Defendants' failure to provide accurate wage statements deprived Plaintiff and the Rule 23 Class members of their ability to verify compliance with wage laws, advocate for themselves, and hold Defendants accountable for proper wage payments, resulting in tangible financial harm.

120. As a result of Defendants' failure to provide accurate wage statements, Plaintiff and the Rule 23 Class members are each entitled to $250 per violation up to $5,000 per person, plus interest and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself, the FLSA Collective, and the Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a. Designation of this action as a Collective Action on behalf of the FLSA Collective Plaintiffs and prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b. Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

c. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

d. Designation of Plaintiff as the Class Representative of the Rule 23 Class;

e. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

f. An injunction against Defendants from engaging in each of unlawful practices and policies set forth herein;

g. A declaratory judgment that Defendants' violations of the FLSA and NYLL were willful;

h. An award of unpaid minimum wage under the FLSA and NYLL due Plaintiff, the FLSA Collective and the Rule 23 Class;

i. An award of unpaid overtime compensation under the FLSA and NYLL due Plaintiff, the FLSA Collective and the Rule 23 Class;

j. An award of unpaid spread-of-hours pay under the NYLL due Plaintiff and the Rule 23 Class;

k. The liquidated damages due Plaintiff and the FLSA Collective in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA;

l. The liquidated damages due Plaintiff and the Rule 23 Class in an amount equal to the total amount of the wages found to be due, pursuant to the NYLL;

m. The liquidated damages due Plaintiff and the Rule 23 Class as a result of Defendants' failure to furnish annual notices pursuant to the NYLL;

n. An award of liquidated and/or punitive damages as a result of Defendants' knowing, willful, and malicious failure to comply with the federal and state law regarding the unpaid wages and the notice requirements;

o. An award of costs and expenses of this action together with reasonable attorney's and expert fees;

p. The cost and disbursement of this action;

q. An award of prejudgment and post-judgment fees;

r. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: January 13, 2025

   /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd. Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com